59 F.3d 179
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Arthur TAYLOR, Petitioner-Appellant,
v.
Larry EMERY, Gale Norton, Attorney General of the State of
Colorado, Respondents-Appellees.
 No. 94-1506.
 United States Court of Appeals, Tenth Circuit.
 June 30, 1995.
 
 Before SEYMOUR, Chief Judge, MCKAY, and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 SEYMOUR, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 James Arthur Taylor filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254, alleging that a Colorado court improperly considered constitutionally invalid Missouri convictions in sentencing him as a habitual offender. Upon recommendation of the magistrate, the district court dismissed Mr. Taylor's petition and subsequently denied Mr. Taylor's petition for a certificate of probable cause (CPC). We grant the CPC petition and affirm the judgment of the district court.
 
 
 3
 In 1985, Mr. Taylor was convicted in Colorado of first degree assault, attempted first degree murder, and conspiracy to commit first degree murder. Because he had five prior felony convictions, he was also charged as a habitual criminal. Mr. Taylor collaterally attacked three of those convictions in an evidentiary hearing, alleging that the 1952 Missouri convictions were invalid because they were based on involuntary and uncounseled guilty pleas. The Colorado trial court held the pleas valid under the constitutional standards applicable to 1952 pleas and convicted Mr. Taylor as a habitual criminal. The Colorado Court of Appeals affirmed the conviction on direct appeal, and the Colorado Supreme Court denied Mr. Taylor's petition for a writ of certiorari.
 
 
 4
 We affirmed the dismissal of two previous habeas petitions on the grounds that they contained both exhausted and unexhausted claims. Taylor v. Cooper, No. 92-1147 (10th Cir. Oct. 21, 1992); Taylor v. Hesse, No. 90-1271 (10th Cir. Apr. 19, 1991). We noted, however, that Mr. Taylor had exhausted his state remedies with respect to his claim that the 1952 Missouri convictions were unconstitutional. Id. The current petition, which asserts only this claim, is therefore properly before us.
 
 
 5
 In a well-reasoned opinion, the magistrate recommended dismissal of Mr. Taylor's petition, concluding that the Colorado state court findings were entitled to a presumption of correctness and that these finding were supported by documentary evidence and Mr. Taylor's own testimony. The district court agreed. On appeal, Mr. Taylor claims that the district court applied an erroneous standard of proof on the waiver of counsel issue. We hold that the district court correctly allocated the burden of proof, see Carnley v. Cochran, 369 U.S. 506, 516 (1962) (where "the record showed clearly that the petitioner had expressly declined an offer of counsel by the trial judge," he has the burden of showing his waiver was not knowingly and intelligently made)(citing Moore v. Michigan, 355 U.S. 155, 161-62 (1957)); United States v. Williamson, 806 F.2d 216, 220 (10th Cir.1986)(same). We affirm for substantially the reasons stated in the magistrate judge's opinion and adopted by the district court.
 
 
 6
 We GRANT the petition for certificate of probable cause and AFFIRM the judgment of the district court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470